UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
BRANDON DIAZ, on behalf of himself : **Civil Action No.**
and others similarly situated, :
 :
                 Plaintiff, : **FLSA COLLECTIVE ACTION and**
 - against : **RULE 23 CLASS ACTION**
 : **COMPLAINT**
BRONX PAWNBROKER INC.; :
CONCOURSE PAWNBROKERS, INC.; :
CONCOURSE NY REALTY INC.; : **Jury Trial Demanded**
FANG HUNG WU; and MICHELLE :
WU, :
 :
                 Defendants. :
------------------------------------------------- x

    Plaintiff Brandon Diaz ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his attorney, Mohammed Gangat, as and for his complaint against defendants Bronx Pawnbroker Inc., Concourse Pawnbrokers, Inc., Concourse NY Realty Inc., Fang Hung Wu, and Michelle Wu, (collectively, "Defendants") alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

    1.    Pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff and a proposed FLSA collective are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages; (4) prejudgment interest; and (5) attorneys' fees.

    2.    Pursuant to the New York Labor Law ("NYLL"), Plaintiff and a proposed Rule 23 class composed of hourly workers who worked at Defendants' pawn shop locations, including the locations at 2558 Grand Concourse, Bronx, NY 10458 and 301 E Kingsbridge Rd, Bronx, NY 10458, are entitled to recover from Defendants: (1) unpaid minimum wage; (2) unpaid

overtime; (3) unpaid spread of hours premium; (4) statutory damages arising out of Defendants failure to provide required wage and hour law notices; (5) liquidated damages and civil penalties pursuant to NYLL and the New York State Wage Theft Prevention Act; (6) prejudgment interest; and (7) attorneys' fees.

3. Plaintiff also brings this action under 29 U.S.C. § 215(a)(3) and the NYLL § 215 to remedy Defendants' retaliatory termination of his employment following the filing of this lawsuit, and seeks all damages available to him under 29 U.S.C.A. § 216(b) and NYLL § 215(2)(a), including but not limited to reinstatement, back pay, front pay, compensatory and punitive damages, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff is a resident of Bronx, New York.

8. Defendant Bronx Pawnbroker Inc. ("Bronx Pawn") is a New York corporation that operates a pawn shop located at 301 E Kingsbridge Rd, Bronx, NY 10458.

9. Defendant Concourse Pawnbrokers, Inc. ("Concourse Pawn") is a New York corporation that operates a pawn shop located at 2558 Grand Concourse, Bronx, NY 10458.

10. Defendant Concourse NY Realty Inc. ("Realtyco" and together with Bronx Pawn and Concourse Pawn, the "Corporate Defendants"), is a New York corporation that lists the following address with the New York Department of State ("DOS") as an address to which the DOS may mail service of process: Fang Hung Wu, 138-35 Elder Ave, #PHD, Flushing, NY 11355.

11. Defendant Fang Hung Wu, is an individual, residing in Bronx, New York, and is a co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendants, who actively participates in the day-to-day operations of each of the Corporate Defendants.

12. Defendant Michelle Wu (together with Fang Hung Wu, the "Individual Defendants"), is an individual, residing in Bronx, New York, and is a co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendants, who actively participates in the day-to-day operations of each of the Corporate Defendants.

13. Upon information and belief, at all relevant times, Defendants jointly employed Plaintiff and had the power to hire and fire him, supervised and controlled his work schedules and the conditions of his employment, determined the rate and method of their payment, and maintained his employment records.

14. Defendants acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

15. Defendants exercise control over the terms and conditions of their employees' employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

16. At all relevant times, Defendants met the definition of an "employer" under all applicable statutes.

17. Defendants are responsible under the law to maintain employment records of the Plaintiff's employment including records of wages paid and hours worked.

18. The work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

19. Defendants hired and continuously employed Plaintiff in the State of New York to work as a non-exempt employee for their pawn shops located in Bronx, NY.

20. Plaintiff worked from February 2015 to August 2018.

21. He was assigned to and did in fact perform several items of work throughout the employment, including but not limited to, assisting customers with pawning goods or claiming pawned goods; cleaning the store; cleaning an empty commercial lot owned by the Defendants (specifically, clearing naturally growing vegetation and debris that accumulates on the lot).

22. Plaintiff worked either a day-shift or night-shift, the former being from 9am-6:30pm and the latter from 6:30pm-9am.

23. Plaintiff was given a 40 minute lunch break during each workshift meaning he worked 8 hours and 50 minutes of compensable time each day-shift and 13 hours and 50 minutes of compensable time each night-shift.

24. Plaintiff alternated between working one month of day-shifts and one month of night-shifts.

25. For the majority of the weeks during the employment period, Plaintiff worked six days per week, and for the rest of the weeks he worked five days per week, except that for the last two months of the employment he was consistently working five days per week.

26. Plaintiff was paid a shift-rate for each day of work.

27. Day-shifts and night-shifts were paid at different rates, and Plaintiff approximates that throughout the employment he was earning $25 more for night-shifts.

28. Plaintiff was paid a shift-rate of between $65 and $80 per day for day-shifts and between $90 and $105 per day for night-shifts.

29. Throughout the employment, Plaintiff was paid an effective hourly rate that fell below the minimum wage for employees in New York City.

30. Throughout this time period, Plaintiff worked in excess of forty hours per week and the shift pay he received failed to compensate him at a level at or above minimum wage for the first forty hours worked plus time and one-half the minimum wage for all hours worked over forty in a workweek.

31. Plaintiff regularly worked ten hours or more in a day when he worked night-shifts.

32. Plaintiff has had direct conversations with other employees where those employees disclosed to Plaintiff that they too were working in excess of forty hours per week and ten hours per day while being paid a shift rate that compensated them below what was required under the wage and hour laws.

33. Defendants had a policy of employing individuals for more than forty hours per

week and more than ten hours on certain workdays, and paying those individuals a day-rate that falls below what is due under the wage and hour laws.

34. Defendants failed to provide wage statements properly listing the rate of pay, hours worked, wages earned, wages paid, deductions, etc. for each week that Plaintiff and other hourly employees worked.

35. Defendants failed to provide Plaintiff and other hourly employees with required wage notices indicating rate of pay, and overtime rate at the time of hiring.

36. Defendants failed to record the time when Plaintiff and other hourly employees reported to and left from work.

37. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

38. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

39. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and other similarly situated employees with notice of wage and hour laws, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations, as part of an intentional and coordinated scheme to deprive Plaintiff and sales associates of their rights under state and federal wage and hour laws.

40. On July 13, 2018, counsel for Plaintiff sent a letter to defendants Fang Hund Wu, Concourse Pawn and Bronx Pawn, indicating counsel was retained, investigating potential wage and hour violations, and requesting a sampling of wage and hour records for Plaintiff.

41. Thereafter, Plaintiff suffered a steady stream of retaliatory actions culminating in his termination.

42. First, Defendants informed Plaintiff that they received the letter from Plaintiff's counsel and that Plaintiff should discontinue the legal action immediately otherwise Defendants would reveal criminal activity on the part of the Plaintiff and which Defendants were aware of.

43. Defendants created a hostile work environment after letting other employees know that Plaintiff was filing a lawsuit which was disruptive to the business.

44. Defendants also made it known that ultimately it was Plaintiff's reputation that would be ruined because Defendants' would reveal bad acts on the part of the Plaintiff if the litigation continued.

45. Then, approximately one month after receiving the letter, Defendants terminated Plaintiff.

46. Plaintiff has at all time performed his job in a satisfactory manner.

47. Plaintiff has, in fact, been a standout employee, earning steady raises, increased responsibility, and consistently being assigned to full-time work every week for nearly four years.

48. There was no basis for Defendants to terminate Plaintiff.

49. The sole factor in Defendants' decision to terminate Plaintiff was that Plaintiff has sought to enforce his rights to be paid for all hours worked or suffered/permitted to work and to paid the right hourly rate (i.e., overtime) for all hours worked over 40 in a single workweek.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants as hourly employees subject to Defendants' policy paying a day-rate that compensates employees who work more than forty hours per week and ten hours per day on certain workdays below the amount due to those employees under the wage and hour laws (the "FLSA Collective").

51. Upon information and belief, the total number of members of the FLSA Collective is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty five (25) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

52. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

53. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

54. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

56. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants had the power to hire and fire Plaintiff and the Collective Action Members;

   c. Whether the Defendants had the power to set compensation policies for the Plaintiff and the Collective Action Members;

   d. Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Collective Action Members;

   e. Whether the Defendants had the power to set the work schedules of the Plaintiff and the Collective Action Members;

   f. Whether the Defendants maintained employee records, including records of

      certifications and qualifications required to work, with respect to Plaintiff and the Collective Action Members;

  g. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

  h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

  i. Whether the Defendants failed to pay the Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder.

57. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

58. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

59. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

60. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time in the six years preceding the date the complaint in this action was filed (the "Class Period") as an hourly employee between July 10, 2012 and the date of final judgment in this matter (the "Class Action Members").

61.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

62.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

63.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

64.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

65.     Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff understands that, as a class representative, she assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that she must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

66.     Plaintiff recognizes that any resolution of a class action lawsuit, including any

settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.

67. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

68. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiffs claims are typical of the Class.

69. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

　　a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

　　b. Whether the Defendants had the power to hire and fire Plaintiff and the Class members;

　　c. Whether the Defendants had the power to set compensation policies for Plaintiff and the Class members;

　　d. Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Class members;

　　e. Whether the Defendants had the power to set work schedules for the Plaintiff and the Class members;

　　f. Whether the Defendants maintained employees' records, including records of certifications and qualifications required to work for the Plaintiff and the Class members;

　　g. Whether the Defendants failed to pay the Plaintiff and the Class members the

applicable minimum wage for all straight time hours worked, the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

h. Whether the Defendants failed to pay Plaintiff and the Collective Action Members required spread of hours pay for each hour they worked in excess of 10 hours per day;

i. Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

j. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

## FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE

70. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

71. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

72. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C § 216(b).

73. At all times relevant to this action, Plaintiff and Class Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d)

74. At all times relevant to this action, Plaintiff and Class Members were engaged in commerce and the corporate Defendants were enterprises engaged in commerce within the

meaning of 29 U.S.C. § § 206(A) and 207(a).

75. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000. In this regard, Plaintiff notes that Defendants operate a pawn shop business that serves customers who are visiting New York from another state or country; involves the pawning of goods manufactured outside of and brought into New York state; and are located in busy commercial districts in New York City.

76. Defendants violated the rights of Plaintiff and Class Members by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C § 206(a)(1).

77. Defendants failure to pay Plaintiff and Class Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

78. Defendants are liable to Plaintiff and Class Members for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA OVERTIME

79. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

80. Defendants violated the rights of Plaintiff and Class Members by failing to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

81. Defendants' failure to pay Plaintiff and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C § 255.

82. Defendants are liable to Plaintiff and Class Members for their unpaid overtime

compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION: NYLL MINIMUM WAGE

83. Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

84. Defendants violated the rights of Plaintiffs and Class Members by failing to pay them the minimum wage for each hour worked in violation of the NYLL.

85. As a result of Defendants' violation of the NYLL, Plaintiff and Class Members are entitled to the minimum rate of pay that they were legally due under the NYLL's minimum wage provisions as well as liquidated damages, interest, attorney's fees.

### FOURTH CAUSE OF ACTION: NYLL OVERTIME AND SPREAD OF HOURS

86. Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

87. NYLL § 160 requires employers to compensate their employees at a rate not less than one-and-one-half times their regular rate of pay for any hours worked in excess of 40 per week.

88. Likewise, New York law requires employers to compensate employees for one additional hour of pay for each day when the employee works in excess of ten hours.

89. Plaintiff and Class Members were required to work in excess of 40 hours per week and in excess of 10 hours per day without being compensated for those hours at the statutorily required rate.

90. Defendants' violation was willful and lasted for the duration of all relevant time periods.

91.     Defendants are therefore liable to Plaintiffs and Class Members for their unpaid overtime compensation, plus liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief.

## FIFTH CAUSE OF ACTION: NYLL ANNUAL NOTICE

92.     Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

93.     Pursuant to NYLL 195(1)(a), every employer is required to

provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one if this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

94.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with any kind of notice at the time of hiring or annually, whatsoever, let alone a notice meeting the requirements laid out in Section 195(1)(a).

95.     NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages for $50 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

96.     During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate annual notices as required by New York law.

16

97.     Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## **SIXTH CAUSE OF ACTION: NYLL WAGE STATEMENTS**

98.     Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

99.     Pursuant to NYLL § 195(3), every employer is required to

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances; if any, claimed as part of the minimum wage; and net wages.

100.    Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with wage statements meeting the requirements laid out in ¶ 105.

101.    NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damage of $250 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

102.    During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by New York law.

103.    Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs and any other relief appropriate pursuant to NYLL § 198.

## **SEVENTH CAUSE OF ACTION: FLSA RETALIATION**

104. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

105. Defendants violated 29 U.S.C. § 215(a)(3) when they terminated Plaintiff's employment in retaliation for his initiation of this lawsuit.

106. Defendants are therefore liable to Plaintiff for damages under 29 U.S.C. § 216(b).

### EIGHTH CAUSE OF ACTION: NYLL RETALIATION

107. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

108. Defendants violated the NYLL § 215(a)(3) when they terminated Plaintiff's employment in retaliation for his initiation of this lawsuit.

109. Defendants are there for liable to Plaintiff for damages under NYLL § 215(2)(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a. That, at the earliest possible time, Plaintiff through their counsel be permitted to give notice of this collective action, or that the Court issue such notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of the Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

d. Designation of the named Plaintiff Brandon Diaz as class representative and designation of Mr. Diaz's counsel of record as class counsel;

e. Unpaid wages, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.* and the NYLL § § 190 and 215(2)(a)*;*

f. An additional and equal amount in unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.;*

g. Statutory damages pursuant to NYLL § 198(1)(b) and (d); and

h. Issuance of a declaratory judgement that the practices complained of herein are unlawful under the FLSA and NYLL and a permanent injunction against Defendants' continued engagement in such practices.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all question of fact raised by the Complaint.

Dated: New York, New York
August 20, 2018                    **LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Brandon Diaz*