# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

April 2, 2020

Shan Zhu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: szhu@hanglaw.com

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> The plaintiff is granted leave to file a motion to compel or for sanctions with his opposition to the defendants' motion for summary judgment. The defendants may oppose the motion with their reply to plaintiff's summary judgment opposition.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: Apr. 03, 2020
> New York, New York

Re: Diaz v. Bronx Pawnbroker Inc. et al.,
Case No. 18-cv-07590-ER
Letter Motion in Opposing of Plaintiff's Motion to Compel.

Dear Hon. Ramos:

This firm represents the Defendants in the above-referenced matter. Please accept this letter as the Defendant's response to Plaintiff's Motion to Compel Discovery and Motion for Sanction. The Court should deny the Plaintiff's motion because the certification from Michelle Wu is already produced.

On the February 25 conference, the Court ordered the Defendants to certify that all responsive documents are produced to the Plaintiff in the above-referenced matter.

The Plaintiff's counsel sent the Defendants the proposed certification on March 6. Dkt No. 48. Exh. A. The certification calls for a signature from the Defendants counsel instead of the Defendants. Further, on February 25 conference, the parties and the Court discussed the text message and the computer-stored information. However, on the proposed certification, the Plaintiff's counsel incorporated numerous other items, including records from "Apple Care", which was never requested before. Dkt. No. 48. Exh. A. Nevertheless, the undersigned scheduled my client to come in the office for signature on March 13 and informed the Plaintiff's counsel. On March 12, the undersigned emailed the Plaintiff's counsel the redline revision of the certification.

On March 23, the Plaintiff's counsel requested the Defendants to provide the certification "in whatever form you like. But [the Plaintiff] need[s] you to certify whatever you are going to certify and identify whatever you're going to identify." The Plaintiff further pointed a deadline on Friday, March 27.

The undersign again contacted my client Michelle Wu for the certification but was informed that Ms. Wu is under quarantine. While, currently, we are under the extreme pandemic and the national emergency, I wrote to the Plaintiff that Defendants need additional time to complete the certification. Without a response, the Plaintiff filed his letter motion on March 27.

Nevertheless, the Defendants on April 2 emailed the Plaintiff the signed certification. Attached hereto as Exh. 1 is a copy of certification emailed to the Plaintiff's counsel. Further, the Defendants request the Plaintiff to withdraw his motion, which was subsequently refused.

Again, as explained to the Court on February 28, although the Individual Defendant Michelle Wu's cell phone is damaged, the text messages between Michelle Wu and Amy Wu were equally accessible from Amy Wu's cell phone. As the Court is already aware, such text messages were produced to the Plaintiff's counsel as obtained from Amy Wu's cell phone.

The purpose of discovery is to provide a procedure to make relevant information available to parties to a litigation. *Hickman v. Taylor*, 329 U.S. 495, 507, 91 L. Ed. 451, 67 S. Ct. 385 (1947) (discussing Federal Rule 26(g) and holding that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation"). Although Fed. R. Civ. P. 26 shall not be meant to discourage or restrict necessary and legitimate discovery, it requires the lawyer to pause and consider the reasonableness of his or her request. Fed. R. Civ. P. 26 advisory committee's 1983 note. The certification proposed by the Plaintiff's counsel and the Motion filed by the Plaintiff's counsel has gone beyond the zealous representation. *Weinberg v. Weinberg* (In re Weinberg), 163 B.R. 681, 686 (Bankr. E.D.N.Y. 1994).

As the certification is already provided, the Court should deny the Plaintiff's motion.

We thank the Court for its time and attention to this matter.

Very Truly Yours,

/s/ *Shan Zhu*
Shan Zhu, Esq.
136-20 38th Ave.
Flushing, NY 11354
(718)353-8588
szhu@hanglaw.com
*Attorney for Defendants*